## Chicago Title and Trust Co., Receiver of the Globe Savings Bank, v. Household Guest Co.

1. BANKS AND BANKING—*Presumptions as to Knowledge of Insolvency.*—Where a bank, within an hour after a deposit was made, closed its doors, and its officers concluded within twenty-four hours, that it was impossible to realize on the remaining assets an amount sufficient to meet liabilities and enable the bank to continue business, the fact of failure to resume business the next business day tends to show insolvency, and of this the bank is presumed to have had knowledge.

2.  SAME—*Special Deposits.*—Where a party deposited four checks, with other checks, postal orders and currency, with a bank during its last business day, and the checks were not mingled with the general funds of the bank as was the rest of the deposit, but came into the hands of, and were collected by the receiver, *it was held* that the checks having been received and held as a separate deposit, and not collected by the bank before its failure, nor the proceeds thereof merged with the other assets so as not to be capable of identification, the depositor was entitled to the proceeds.

3.  INSOLVENCY—*Defined.*—Insolvency has been held to mean a present inability to pay debts as they become due in the ordinary course of business, but it does not follow that a man is not insolvent because he may ultimately have a surplus upon the winding up of his affairs.

4.  FRAUD—*What is Evidence of an Intent to Defraud.*—Under the statute (R. S. Chap. 38, Sec. 25a) the receipt of a deposit by a bank officer when the bank is insolvent is *prima facie* evidence of intent to defraud.

**Appeal** from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1899.  Affirmed.  Opinion filed March 13, 1900.

**Statement.**—Appellee filed its intervening petition in the Circuit Court, in proceedings there pending for the dissolution and winding up of the Globe Savings Bank, and seeks to recover from the receiver of said bank the proceeds of four checks, which, with other checks, postal orders and currency, appellee deposited with said bank Saturday, April 3, 1897, the last business day preceding the failure.  On that day the bank closed its doors at twelve o'clock.  The appointment of the receiver was made Monday morning, April 5th.

The petition alleges the insolvency of the bank at the time such deposit was made; that the fact of insolvency was fraudulently concealed; that the bank owed appellee at that time more than one thousand dollars; that when the bank received the deposit its officers knew it to be insolvent, and that failure and suspension were impending, and that said checks were not collected by the bank but came into the hands of, and were collected by, the receiver.

The checks in controversy came into the hands of the receiver in the condition in which they were deposited. The account of appellee was a commercial deposit account,

subject to be drawn against.   Deposits as made were entered in a pass book, which was furnished by the bank, and contained the following printed matter upon the outside of its cover :

"Checks on this bank will be credited conditionally. If not found good at the close of business they will be charged back to depositors, and the latter notified of the fact. Checks on other city banks will be carried over for presentation through the clearing house on the following day. This bank in receiving checks or drafts on deposit for collection, acts only as your agent, and beyond carefulness in selecting agents at other points and in forwarding to them, assumes no responsibility as to indorsements."

The master found that the four checks in question were not commingled with the general funds of the bank as was the rest of the deposit made at the same time, and did not become, therefore, a part and parcel of its general assets, and held that as they were collected by the receiver, appellee was entitled to have the proceeds of such collection paid over.   The Circuit Court sustained the finding and recommendation of the master.

HENRY W. MAGEE and MAX PAM, attorneys for appellant.

HAYNES. & PEALE, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended by appellant that the proof does not sustain the finding that the bank in receiving this deposit committed fraud in law.

The master finds that the officers of the bank believed at the time this deposit was made that sufficient money could be raised with which to meet the needs of the bank for continuing its business, by borrowing from other banks and realizing upon securities.   This may be true, and still not justify such officers in taking chances with other people's money, resulting in the commission of a legal fraud.   There is evidence amply sufficient to indicate that whatever the officers may have chosen to believe they had reason to know

that the concern was not solvent. The cashier knew that the auditor of public accounts had ordered an assessment upon stockholders to make good the impaired capital, and that a large number of stockholders had refused to pay such assessment. Within an hour after the deposit, the bank closed its doors not to be reopened, and its officers concluded, within twenty-four hours at least, that it was impossible to realize on the remaining assets an amount sufficient to meet liabilities and enable the bank to continue business. The fact of failure to resume business the next business day after receipt of the deposit, tends to show insolvency, and of this the bank is presumed to have had knowledge. Meadowcraft v. The People, 163 Ill. 56 (69). Insolvency has been held to mean a present inability to pay debts as they become due in the ordinary course of business. Thompson v. Thompson, 4 Cush. 127; Herrick v. Borst, 4 Hill. (N. Y.) 652; Century Dic., title, Insolvency. It does not follow that a man is not insolvent because he may ultimately have a surplus upon the winding up of his affairs. On the other hand, if it can be reasonably found that he can, by proper use of his means, promptly recover from a merely temporary embarrassment caused by some unforeseen contingency, and carry on his business and meet his engagements in the ordinary course, he ought not to be deemed insolvent, because he temporarily failed to meet his obligations. In the present case the presumption of insolvency is not rebutted by the evidence introduced for that purpose. No sufficient facts are in evidence to justify the formation of an opinion as to whether there can be enough realized from the assets, even ultimately, to meet the liabilities. The receipt of the deposit was by the statute *prima facie* evidence of intent to defraud. Rev. Stat., Chap. 38, 25a. The fact that in the then condition of the bank's affairs, a part of the deposit was actually commingled with the general funds, instead of being kept separate and apart therefrom, tends to support the *prima facie* intent. As was said in American T. & S. Bank v. The Gueder & Paeschke Mfg. Co., 150 Ill. 336 (341), " the legal proof of a fraud both intended and consummated

must be deemed, for all the purposes of this proceeding, to be conclusive." The checks in controversy must be deemed to have come fraudulently into the possession of the bank, the title remaining with the depositor, and the receiver, finding them separate from the bank's assets, was not entitled to retain or collect them and hold the proceeds.

The master found that the said checks were not commingled with the general funds of the bank, as were other parts of the same deposit, "but were simply retained."

This was in accordance with the custom of the bank as stated upon the pass-book. Notice is there given that "checks on other city banks will be carried over for presentation through the clearing house the following day." The depositor was told that such checks would not even be credited conditionally, as was done with checks upon the bank itself drawn by its own depositors.

The checks were still the property of the petitioner, when they passed into the hands of the receiver. The money which they represented had not become a part or parcel of the general assets of the bank.

"When the deposit has been kept separate and not fully received before insolvency, the depositor may claim it." Am. Ex. Bank v. Mining Co., 165 Ill. 103 (113). The proceeds became a trust fund in the hands of the receiver, capable of complete identification.

The checks in dispute having been received and held as a separate deposit, and not collected by the bank before its failure, nor the proceeds thereof merged with the other assets so as not to be capable of identification, appellee is entitled to the relief granted, and the judgment of the Circuit Court will be affirmed.